## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA
## SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| Tony Lewis Schlosser, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER OF DISMISSAL** |
| vs. | ) | |
| | ) | |
| Leann Bertsch, DOCR Director; Tim | ) | |
| Schuetzle, NDSP Warden; Lt. Ron | ) | Case No. 1:10-cv-009 |
| Bjelland; Pat Branson, Deputy Warden; | ) | |
| Wes Wood, COII; and Travis Krein, | ) | |
| | ) | |
| Defendants. | ) | |

_____

The plaintiff, Tony Schlosser, initiated the above-entitled action by filing a motion for leave to proceed in forma pauperis and a prisoner litigation packet containing a proposed complaint on February 25, 2010.  See Docket Nos. 2 and 3.  The Court granted Schlosser's motion for leave to proceed in forma pauperis and the complaint in this matter was filed on March 3, 2010.  See Docket Nos. 5 and 7.  At the time of filing, Schlosser was incarcerated at the North Dakota State Penitentiary.  The Court became aware in early December 2010, through its own inquiry and through information contained in Schlosser's filings, that he had been released from custody.  Magistrate Judge Charles S. Miller, Jr. subsequently set a scheduling and status conference for December 17, 2010.  See Docket No. 30.  Attorney Michael Pitcher was present at the conference on behalf of the Defendants, but Schlosser failed to appear.  See Docket No. 31.

Accordingly, Judge Miller scheduled a show cause hearing for January 6, 2011, and advised Schlosser that his failure to appear at the hearing would likely result in the case being dismissed without further notice.  See Docket No. 32.  The Court held the hearing on January 6, 2011.  Pitcher appeared on behalf of the Defendants, but Schlosser again failed to appear.  See Docket No. 33.

Based upon Schlosser's repeated failure to participate in scheduled hearings, the Court draws the conclusion that Schlosser has abandoned his case.  Accordingly, it is **ORDERED** that the case be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.  See Holly v. Anderson, 467 F.3d 1120, 1121 (8th Cir. 2006) ("A district court may sua sponte dismiss an action under Rule 41(b) for the plaintiff's deliberate failure to comply with a court order.") (citing Hutchins v. A.G. Edwards & Sons, Inc., 116 F.3d 1256, 1259-60 (8th Cir. 1997)); see also Miller v. Benson, 51 F.3d 166, 168 (8th Cir. 1995) ("District Courts have inherent power to dismiss *sua sponte* a case for failure to prosecute...") (citing Sterling v. United States, 985 F.2d 411, 412 (8th Cir. 1993)); Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

Dated this 7th day of January, 2011.

*/s/ Daniel L. Hovland* _____
Daniel L. Hovland, District Judge
United States District Court